UNITED STATES *v.* GEORGE J. TARR CO. (No. 3071)[1]

---

United States Court of Customs Appeals, November 30, 1928

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.
No appearance for appellee.

[Oral argument October 9, 1928, by Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The court below held merchandise invoiced as "cod-liver pressings" to be free of duty as oil cake under paragraph 1629 of the Tariff Act of 1922. The Government appealed to this court, and the importing company has not filed a brief nor argued the case before us.

The collector classified the merchandise at 10 per centum ad valorem as waste under paragraph 1457 of the Tariff Act of 1922. In the protest it is claimed that it should have been classified as free of duty, under paragraph 1575, as "fish to be used for purposes other than human consumption," or free, under paragraph 1629, as "oil cake and oil-cake meal."

The case of *United States* v. *Geo. S. Bush & Co. (Inc.) et al.,* 16 Ct. Cust. Appls. 406, T. D. 43131, decided concurrently herewith, and the case of *United States* v. *Wilfred Schade & Co.* 16 Ct. Cust. Appls. 366, T. D. 43092, we think, conclusively settle the issue raised in this case. The merchandise involved here is shown to be a residue left over after extracting cod-liver oil from cod livers. It contains about 50 per centum of moisture and is imported in barrels. The livers are cooked and, by a pressing process, the oil is removed. After the importation reaches this country it is dried, subjected to some secret process for the purpose of preserving and pulverizing the same, and is then sold to manufacturers of poultry feed and is used for the purpose of stimulating the production of eggs. The exhibit which is before us is a bottle containing a small amount of brown, mucilaginous, pasty substance with a very disagreeable odor.

In both above-cited cases there was an attempt to show that the merchandise, cod-liver oil cake and cod-liver oil-cake meal, and dogfish oil cake and dogfish oil-cake meal, should be classified under paragraph 1629, on account of commercial designation. We held that neither of the commodities, within the common understanding, were oil cake or oil-cake meal for the reason that they were of animal origin rather than of vegetable origin, and we also held that the importers had failed to make their cases of commercial designation. It was also decided that the commodities were not fish imported to be used for purposes other than human consumption.

In the case at bar there was no attempt to prove commercial designation. We think all the issues in this case are fully decided in the above-cited cases, contrary to the contentions of the importing company before the court below, and contrary to the views entertained by the United States Customs Court.

The "cod-liver pressings" in their imported condition were waste, not specially provided for, and the protests should have been overruled. *Willits & Co.* v. *United States*, 11 Ct. Cust. Appls. 499, T. D. 39657.

The judgment of the United States Customs Court is *reversed*.